IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF ILLINOIS,<br><br>          Plaintiff,<br><br>v.<br><br>BRADIE ANNE CORCORAN, KEVIN M. CORCORAN, MARK B. BERRY, and MARGARET M. BERRY,<br><br>          Defendants. | )<br>)<br>)<br>)     Case No. 13-86-DRH-PMF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### MOTION FOR SUMMARY JUDGMENT

NOW COMES Plaintiff Safeco Insurance Company of Illinois ("Safeco"), by and through its attorneys, Kent J. Cummings, Frank M. Ward, III, and Matthew S. Dionne, and moves for summary judgment in its favor pursuant to Fed.R.Civ.Proc. 56. In further support thereof, Plaintiff states as follows:

1.   In this declaratory judgment action, Safeco seeks a determination that it owes no duty to defend or indemnify Mark B. Berry and Margaret M. Berry (collectively, the "Berrys") with respect to a lawsuit filed against the Berrys by Bradie Corcoran. It is Safeco's position that the Berrys are not insureds under the Safeco policy and that, even if they were insureds, the exclusion for violations of criminal law applies.

### The Safeco Policy

2.   Safeco issued a homeowners policy (the "Safeco policy") to Edward C. Macauley, effective July 29, 2011 to July 29, 2012. *See* Exhibit A, Safeco Homeowners Policy at Page 000005.

3.   Mr. Macauley died on November 8, 2011. *See* Exhibit B, November 9, 2011 article in the St. Louis Post-Dispatch.

4. The Safeco policy provided Mr. Macauley coverage with respect to the Insured Location, 556 Arrowhead Lane, Litchfield, Illinois, subject to the terms and conditions of the policy. *See* Exhibit A at Page 000005.

5. The Declarations page for the Safeco policy lists Edward C. Macauley as the named insured. *See* Exhibit A at page 000005.

6. At page 000041 of Exhibit A, the Safeco policy states that the terms "you" and "your" refer to:

    a. the "named insured" shown in the Policy Declarations; and

    if a resident of the same household:

    b. the spouse;

    c. the civil partner by civil union licensed and certified by the state; or

    d. the ***domestic partner***.

7. At page 000042 of Exhibit A, the Safeco policy defines ***"insured"*** as:

    (1) you; and

    (2) so long as you remain a resident of the ***residence premises***, the following residents of the ***residence premises***:

        (a) your relatives;

        (b) any other person under the age of 24 who is in the care of any person described in (1) or (2)(a) above.

Under **Section II – Liability Coverage, *"insured"*** also means:

    (3) with respect to animals or watercraft to which this policy applies, any person or organization legally responsible for these animals or watercraft which are owned by you or any person included in g.(2)(a) or (b). A person or organization using or having custody of these animals or watercraft in the course of any ***business***, or without permission of the owner is not an ***insured***;

130653803v1 0940323

 (4) with respect to any vehicle to which this policy applies:

  (a) any person while engaged in your employment or the employment of any person included in g.(2)(a) or (b); or

  (b) any other person using the vehicle on an *insured location* with any *insured's* permission.

8. Additionally, at page 000043 of Exhibit A, the Safeco policy defines "residence premises" as follows:

 ***"Residence premises"*** means:

  (1) the one, two, three or four family dwelling, used principally as a private residence;

  (2) other structures and grounds; or

  (3) that part of any other building;

 where you reside and which is shown in your Policy Declarations.

9. At page 000040 of Exhibit A, the Safeco policy sets forth the following condition:

 **8.** **Death.** If you die:

  a. we insure your legal representative, but only with respect to the premises and property of the deceased covered under the policy at the time of death.

  b. *insured* shall include:

   (1) any member of the household who is an insured at the time of your death, but only while a resident of the residence premises; and

   (2) with respect to your property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.

3

10. At page 000032 of Exhibit A, the Safeco policy sets forth the following exclusion for violations of criminal law:

> 1. Coverage E – Personal Liability and Coverage F – Medical Payments to Others do not apply to **bodily injury** or **property damage**:
>
> * * *
>
> b. which results from violation of criminal law committed by, or with the knowledge or consent of any **insured**.
>
> This exclusion applies whether or not any **insured** is charged or convicted of a violation of criminal law, or local or municipal ordinance.
>
> * * *

### The *Corcoran* Lawsuit

11. The Berrys were sued on or about November 15, 2012 by Bradie Ann Corcoran. *See* Exhibit C, Complaint filed in *Bradie Ann Corcoran v. Mark B. Berry and Margaret M. Berry*, Case No. 12 L 1862, in the Circuit Court of the Third Judicial Circuit of Illinois, Madison County ("*Corcoran* Complaint" or "*Corcoran* Litigation").

12. The *Corcoran* Complaint alleges the Berrys hosted a party at premises located on the 500 block of Arrowhead Lane in Litchfield, Illinois. *See* Exhibit C at paragraph 9.

13. The *Corcoran* Complaint alleges the Berrys violated 740 ILCS 58/5(a) and (b) by supplying alcohol to Bradie Corcoran, by permitting the consumption of alcohol on the premises, and by causing or contributing to her impairment. *See* Exhibit C at paragraph 14.

14. The *Corcoran* Complaint alleges Bradie Corcoran was injured as a result of the act alleged in paragraph 14 of the Complaint. *See* Exhibit C at paragraph 15.

15. In their answers to Plaintiff's Interrogatories, the Berrys admit alcohol was available at the Litchfield, Illinois property on June 30, 2012. *See* Exhibit D, Interrogatory No. 6.

16. They admit they knowingly authorized or permitted persons under the age of twenty-one to use the property while in possession of or while consuming alcoholic beverages. *See* Exhibit D, Interrogatory No. 9.

17. They admit they knowingly authorized, enabled, or permitted consumption of alcoholic liquor by persons under age twenty-one. *See* Exhibit D, Interrogatory No. 11.

18. They admit they believed Bradie Ann Corcoran to be 17 or 18 years old. *See* Exhibit D, Interrogatory No. 15.

### The Berrys Are Not Insureds

19. Defendants Mark B. Berry and Margaret M. Berry are not insureds on the Safeco policy, because they were not members of Edward C. Macauley's household at the time of his death and were not residents of the resident premises on or about June 30, 2012.

20. In their Answers to Interrogatories, the Berrys stated their residence was 417 Dietrich Road in Ballwin, Missouri. *See* Exhibit D, Berrys' Answers to Plaintiff's Interrogatories, paragraph 1.

21. In their Answers to Interrogatories, the Berrys stated they stayed overnight at the Litchfield, Illinois property approximately 3 nights in the year preceding June 30, 2012. *See* Exhibit D, Berrys' Answers to Plaintiff's Interrogatories, paragraph 20.

22. In their Answers to Interrogatories, the Berrys stated the belongings located at the Litchfield, Illinois property are owned by the Litchfield Irrevocable Trust. *See* Exhibit D, Berrys' Answers to Plaintiff's Interrogatories, first paragraph 21.

130653803v1 0940323

23. In their Answers to Interrogatories, the Berrys stated the Litchfield, Illinois property is held in trust by the Litchfield Irrevocable Trust. *See* Exhibit D, Berrys' Answers to Plaintiff's Interrogatories, second paragraph 21.

24. The Berrys were not members of Edward Macauley's household at the time of his death.

25. The Berrys were not residents of the residence premises at the time of Edward Macauley's death.

26. Therefore, the Berrys are not insureds under the Safeco policy.

### Violation of Criminal Law Exclusion

27. The conduct alleged in the *Corcoran* Complaint is a violation of criminal law committed by, or with the knowledge or consent of, the Berrys.

28. The conduct admitted by the Berrys in their Answers to Interrogatories is a violation of criminal law committed by, or with the knowledge or consent of, the Berrys.

29. The Liquor Control Act of 1934 (235 ILCS 5/6-16) contains numerous provisions related to the use of alcohol by minors, including the following:

> (a)(iii) No person, after purchasing or otherwise obtaining alcoholic liquor, shall sell, give, or deliver such alcoholic liquor to another person under the age of 21 years, except in the performance of a religious ceremony or service…Any person who violates the provisions of item (iii) of this paragraph of this subsection (a) is guilty of a Class A misdemeanor and the sentence shall include, but shall not be limited to a fine of not less than $500 for a first offense and not less than $2,000 for a second or subsequent offense. * * *
>
> (a-1) It is unlawful for any parent or guardian to knowingly permit his or her residence to be used by an invitee of the parent's child or the guardian's ward, if the invitee is under the age of 21, in a manner that constitutes a violation of this Section. A parent or guardian is deemed to have knowingly permitted his or her residence to be used in violation of this Section if he or she knowingly authorizes,

     enables, or permits consumption of alcoholic liquor by underage invitees. Any person who violates this subsection (a-1) is guilty of a Class A misdemeanor and the person's sentence shall include, but shall not be limited to, a fine of not less than $500. Where a violation of this subsection (a-1) directly or indirectly results in great bodily harm or death to any person, the person violation this subsection shall be guilty of a Class 4 felony. * * *

 (b) Except as otherwise provided in this Section whoever violates this Section shall, in addition to other penalties provided for in this Act, be guilty of a Class A misdemeanor.

30. The conduct by the Berrys alleged in the *Corcoran* Complaint, and the conduct admitted by the Berrys in their Answers to Interrogatories, is a violation of one or more of the criminal provisions of the Liquor Control Action of 1934 committed by, or with the knowledge or consent of, the Berrys.

31. Even if the Berrys were insureds, there would be no coverage for the *Corcoran* Complaint, because their conduct, as alleged in that complaint, is a violation of one or more of the criminal provisions under the Liquor Control Act of 1934.

32. Safeco incorporates its Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment, as if it were fully set forth herein.

33. For the reasons stated above and in Safeco's Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment, Safeco owes no duty to defend or indemnify the Berrys with respect to the *Corcoran* litigation.

WHEREFORE, Plaintiff Safeco Insurance Company of Illinois respectfully prays that this Honorable Court grant summary judgment to the Plaintiff and against the Defendants and: (i) find and declare that Plaintiff owes no duty to defend or indemnify the Berrys with respect to the *Corcoran* litigation; (ii) find and declare that Plaintiff owes no duty whatsoever to the Berrys in connection with the *Corcoran* litigation as they are not insureds under the Safeco policy; (iii)

130653803v1 0940323

find and declare that, even if the Berrys were insureds, the exclusion for violation of a criminal law would apply to bar any coverage with respect to the *Corcoran* litigation; and (iv) grant to Plaintiff and against the Defendants any such further or other relief as the Court deems just and proper.

                                      Respectfully submitted,

                                      HINSHAW & CULBERTSON LLP

                                      s/ Kent J. Cummings
                                      Kent J. Cummings

                                      Kent J. Cummings #6215927
                                      kcummings@hinshawlaw.com
                                      Frank M. Ward III #6304237
                                      fward@hinshawlaw.com
                                      Matthew S. Dionne #06284763
                                      mdionne@hinshawlaw.com
                                      Hinshaw & Culbertson LLP
                                      222 N. LaSalle Street, Suite 300
                                      Chicago, IL 60601
                                      Telephone: 312-704-3000
                                      Facsimile: 312-704-3001
                                      Attorneys for Plaintiff SAFECO INSURANCE
                                      COMPANY OF ILLINOIS